THE V-4.

THE GETTYSBURG.

THE GEORGE B. STATSON.

No. 33.

District Court, E. D. Pennsylvania.
March 27, 1935.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., and Lucian Y. Ray and J. Frank Staley, both of Washington, D. C.

Wm. Clarke Mason, of Philadelphia, Pa., for the Gettysburg.

Shields, Clark, Brown & McCown, of Philadelphia, Pa., for the Statson.

DICKINSON, District Judge.

This was a collision case. The libelant and one of the respondents were both held to be in fault and half damages allowed. The loss was incurred April 14, 1930. The decree is being made five years after. The only question left is that of an allowance for what is called interest. If allowed at a 6 per cent. rate, this means that the damages are increased nearly one-third. There are different bases for such an allowance. In cases of debt, the question is wholly one of contract. It is then allowed as interest qua interest. The obligor pays because he had expressly or impliedly agreed to pay. In damage claims for breach of contract the same principle is applied. What would the defaulting party have paid had he performed but deferred payment? This principle has no application to tort cases. The basis of allowance is wholly different. Compensation assessed as of a date, say in 1930, is not satisfied by a payment of that sum in 1935. The Penn-

sylvania rule in tort cases expressed the thought. Interest is not allowed from the damage date qua interest, but the damage found is increased to make the deferred payment the equivalent of payment on the damage date. The lawful interest rate is not the measure of equivalency, but a less rate may be adopted. The increment, however, may not exceed the lawful rate. This is on the theory that the use of the money payment is possibly worth to the recipient the lawful rate per annum, but cannot be assumed· to be worth more. This makes room for the application of another principle based on another theory. This is the supposition that the injured party borrowed the money which the tort-feasor failed to pay and has the right to be reimbursed. The added damage is thus measured by the rate of interest which the injured party would have paid. Back of this is the principle that the injured party is bound to minimize his damages. If the damage could be restored by borrowing the sum of the damage, then his total damage is that sum plus the interest he paid. In this circuit a rule of policy has been introduced. This has been adopted to speed up the leisurely methods of the admiralty bar. If there has been undue delay in having the damages assessed, the libelant is allowed no interest. The net result is that practically the allowance by way of interest is in the discretion of the court.

A formal decree is submitted herewith.